UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

|  |  |  |
|---|---|---|
| GOLDEN HALL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:23-cv-00088-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORADNUM OPINION** |
| TRADITIONAL SPORTING GOODS, | ) | **&** |
| INC., *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is before the Court on the Traditional Sporting Goods' Partial Motion to Dismiss. [R. 30]. Golden Hall brought this action alleging numerous counts stemming from an accident with a muzzle loading rifle. [R. 20.] As a result of the accident, Hall filed suit against Traditional Sporting Goods ("Traditional"), who manufactures and distributes the muzzleloader at issue. [R. 20 at 2.] Hall also filed suit against Hodgdon Power and MTX, Inc., both of whom manufacture and distribute the Blackhorn 209 propellant at issue in this case. *Id.* Traditional moves to partially dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [R. 30.] For the following reasons, the Defendant's Partial Motion to Dismiss [R. 30] is **GRANTED.**

I

The Plaintiff purchased a Traditional Sporting Goods inline muzzle loading rifle from a vendor at Court Days in Montgomery County, Kentucky.[1] [R. 20 at 3.] The Plaintiff also

---
[1] The facts are taken from the Plaintiff's Amended Complaint at [R. 20].

purchased Blackhorn 209 propellant, which is marketed as an appropriate black powder substitute for use in the inline muzzleloader at issue in this case. *Id.* at 4. On November 25, 2022, the Plaintiff fired the muzzleloader, equipped with Blackhorn 209, for the first time with no issues. *Id.* However, when the Plaintiff attempted to fire the muzzleloader a second time, the muzzleloader misfired. *Id.* Due to the misfire, the Plaintiff installed a new primer on the muzzleloader. But the muzzleloader barrel detonated in the Plaintiff's hand without warning. *Id.* Because of the detonation, the Plaintiff sustained partial amputation of three fingers of his left hand, severe injury to his left thumb, left hand, and other injuries to his person. *Id.*

The Plaintiff filed suit against Traditional Sporting Goods, Hodgdon Powder Company, and MTX, Inc. The Plaintiff alleges that the barrel had never been proof tested and, had the barrel been properly tested, it would not have failed. *Id.* The Plaintiff argues that Traditional, the manufacturer, was aware of the propensity of the muzzleloader to detonate. *Id.* at 5. Specifically, the Plaintiff claims "[t]he muzzleloader was improperly tested at the time of manufacture, and/or contained inherent defects that were dangerous to human life when used in any reasonably foreseeable manner." *Id.* The Plaintiff is also suing Defendants Hodgdon and MTX for false representations on the Blackhorn 209 packaging, as well as failure to warn users. *Id.* at 5-6.

Both Traditional Sporting Goods and Hodgdon Power Company filed Motions to Dismiss. [R. 30; R. 31.] Traditional Sporting Goods is requesting a partial dismissal for failure to state a claim. [R. 30.] Specifically, Traditional Sporting Goods seeks dismissal of Counts X, XI, VIII, IV, as well as the Plaintiff's request for punitive damages. *Id.*

**II**

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

**A**

Hall first alleges that Traditional "failed to exercise reasonable care to warn the Plaintiff of the dangerous condition, or of the facts which made it likely that Plaintiff would encounter the dangerous condition in the normal and foreseeable use of the Muzzleloader." [R. 20 at 11.] For a Kentucky failure to warn claim, a plaintiff must plead facts which plausibly establish that: (1) the defendant had a duty to warn of the product's alleged dangers; (2) the defendant provided warnings that were inadequate; and (3) the inadequacy of the warning must have proximately caused the plaintiff's injuries. *See Stewart v. Gen. Motors Corp.*, 102 Fed. Appx. 961, 964 (6th Cir. 2004); *Corder v. Ethicon, Inc.*, 473 F. Supp. 3d 749, 757 (E.D. Ky. 2020). Thus, there must be facts pleaded showing that "the lack of adequate warnings made the product defective and unreasonably dangerous." *Naiser v. Unilever U.S., Inc.*, 975 F. Supp. 2d 727, 746 (W.D. Ky. 2013); *Shea v. Bombardier Rec. Prods., Inc.*, 2012 WL 4839527, at *3 (Ky. App. Oct. 12, 2012).

The Defendant argues, and the Court agrees, that the Plaintiff's failure to warn claim is premised on the existence of a design or manufacturing defect. [*See* R. 20 at 10-11.] Essentially, the Plaintiff is claiming that a manufacturing or design defect caused the accident. The Plaintiff is not alleging that the accident was caused *because* of a failure to warn. Because the Plaintiff

has failed to state a claim upon which relief can be granted, Count IV is dismissed as to Defendant Traditional.

**B**

Count VI alleges that Defendant Traditional "breached the implied warranty of merchantability by placing a defectively designed, manufactured, and tested Muzzleloader in the stream of commerce that was ultimately sold to Plaintiff." [R. 20 at 14.] Under Kentucky law, "privity of contract between the parties is prerequisite to a claim for breach of warranty." *Brown Sprinkler Corp. v. Plumbers Supply Co.*, 265 S.W.3d 237, 240 (Ky. App. Ct. 2007). It is also well established that "privity of contract does not extend beyond the buyer-seller setting, and an intervening purchaser destroys privity." *Gaunce v. CL Medical Inc.*, No. 5:14-346-DCR, 2015 WL 893569, at *2 (E.D. Ky. Mar. 2, 2015) (citing *Compex Int'l Co. v. Taylor*, 209 S.W.3d 462, 465 (Ky. 2006)). The Plaintiff has not alleged that he purchased the muzzleloading rifle directly from Traditional Sporting Goods. In fact, in the Amended Complaint, the Plaintiff acknowledges that he purchased the rifle from a third-party vendor. [R. 20 at 3.] Because the Complaint fails to show that Plaintiff Hall and Defendant Traditional Sporting Goods were in a buyer-seller relationship, the parties are not in privity. Accordingly, Plaintiff Hall's breach of warranty claim against Traditional Sporting Goods must be dismissed.

**C**

Count VIII alleges that Defendant Traditional "violated KRS 367.170 by acting in an unfair, false, misleading, or deceptive manner . . . in the course of trade or commerce," in violation of Kentucky's Consumer Protection Act (KCPA). [R. 20 at 16.] KCPA provides a private right to action for someone who purchases or leases goods or services for personal purposes and is injured as a result of a seller's prohibited practice. KRS § 367.220(1). Similar

4

to the implied warranty claim, privity of contract is a requirement of a KCPA claims. *Skillcraft Sheetmetal, Inc. v. Ky. Mach., Inc.*, 836 S.W.2d 907, 909 (Ky. Ct. App. 1992); *see Blanton v. Remington Arms Co., LLC*, 7:20-CV-71-REW-EBA, 2022 WL 4125071, at *5 (E.D. Ky. Sept. 9, 2022). Thus, Count VIII meets the same fate as Count VI. Because the Complaint fails to show that Plaintiff Hall and Defendant Traditional Sporting Goods were in a buyer-seller relationship, the parties are not in privity. Accordingly, Plaintiff Hall's KCPA claim against Traditional Sporting Goods must be dismissed. Because Count VIII is being dismissed on privity grounds, the Court need not address the remaining arguments for dismissal of Count VIII.

**D**

Count X alleges that Defendant Traditional is liable on the theory of *res ipsa loquitur*. [R. 20 at 17.] In order to invoke the doctrine of *res ipsa loquitur*, the following requirements must be met: "(1) The defendant must have had full management of the instrumentality which caused the injury; (2) the circumstances must be such that, according to common knowledge and the experience of mankind, the accident could not have happened if those having control and management had not been negligent; (3) the plaintiff's injury must have resulted from the accident." *Vernon v. Gentry*, 334 S.W.2d 266, 268 (Ky. 1960). The Defendants argue that *Taylor v. Jackson* stands for the proposition that *res ipsa loquitur* is a "'legal theor[y] rather than [an] independent cause[] of action.'" *Taylor v. Jackson*, No. 3:13CV1088-S, 2014 WL 4494254 (W.D. Ky. Sept. 10, 2014). The Court agrees. It is well settled that *res ipsa* is a method of proving negligence, but it is not an independent claim.[2] Negligence is the claim, and an

---

[2] In fact, our sister court found that "the lack of inclusion [of *res ipsa loquitur*] within a complaint does not preclude a plaintiff from presenting the theory"—clearly illustrating that *res ipsa loquitur* is not meant to be a standalone claim. *Barbour v. Menard, Inc.*, 2016 WL 6603947, at *2 (W.D. Ky. 2016).

inference of *res ipsa* goes toward proof.  As such, the Court cannot offer relief for the claim of *res ipsa loquitur* and Count X must be dismissed.

### E

Last, Traditional seeks the Plaintiff's request for punitive damages be dismissed.  [R. 30 at 10.]  "Under Kentucky law, punitive damages are available only if a defendant acted with oppression, fraud, malice, or gross negligence." *Zachery v. Shaw*, No. 3:12-CV-606, 2013 WL 1636385, at *1 (W.D. Ky. Apr. 16, 2013).  In his Amended Complaint, the Plaintiff asserts that "[t]he conduct of the Defendants in each of these paragraphs and allegations was so malicious, willful, wanton, reckless and grossly negligent that the Plaintiff is entitled to an award of punitive damages."  [R. 20 at 23.]

Taking all the allegations in light most favorable to Plaintiff, as it must do at this stage of the proceedings, the Court finds that Plaintiff has not alleged facts that could give rise to an inference that Traditional's actions rise to the requisite level of "oppression, fraud, or malice."  Ky. Rev. Stat. Ann. § 411.184.  Hall has not provided any factual allegations, beyond a recitation of the standard for punitive damages, that would support a finding that Traditional acted with the requisite level of "oppression, fraud, or malice."  Hall argues that he "alleged facts in each individual count that Traditional's conduct rises to the level of gross negligence," but Hall simply regurgitates the punitive damage standard at the end of each count.  [R. 33 at 13.]  It is not the job of the Court to supply facts which counsel has failed to adequately plead.  Therefore, on the face of the Amended Complaint, Hall has not provided the requisite factual allegations to state a viable claim for punitive damages.  Traditional's Motion to Dismiss the Plaintiff's request for punitive damages as it relates to the remaining common law claims is granted.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Traditional Sporting Goods' Motion to Dismiss **[R. 30]** is **GRANTED**; and

2. Count IV, Count VI, Count VIII, and Count X of the Amended Complaint **[R. 20]**, as well as the Plaintiff's request for punitive damages, are **DISMISSED** as to Defendant Traditional Sporting Goods.

This the 3rd day of July, 2024.

Gregory F. Van Tatenhove
United States District Judge