UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| GOLDEN HALL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:23-cv-00088-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORADNUM OPINION** |
| TRADITIONAL SPORTING GOODS, | ) | **&** |
| INC., *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Hodgdon Powder's Motion to Dismiss [R. 31], as well as the Plaintiff's Motion for Jurisdictional Discovery. [R. 35.] Golden Hall brought this action alleging numerous counts stemming from an accident with a muzzle loading rifle. [R. 20.] As a result of the accident, Hall filed suit against Traditional Sporting Goods, who manufactures and distributes the muzzleloader at issue. [R. 20 at 2.] Hall also filed suit against Hodgdon Powder and MTX, Inc., both of whom manufacture and distribute the Blackhorn 209 propellant at issue in this case. *Id.* Hodgdon Powder moves to dismiss the entire Complaint under Rule 12(b)(2) and 12(b)(6). [R. 31.] In response, Hall requests jurisdictional discovery on the narrow issue of successor liability. [R. 35.] For the following reasons, the Plaintiff's Motion for Jurisdictional Discovery [R. 35] is **GRANTED.**

**I**

The Plaintiff purchased an inline Traditional Sporting Goods muzzle loading rifle from a vendor at Court Days in Montgomery County, Kentucky.[1] [R. 20 at 3.] The Plaintiff also purchased Blackhorn 209 propellant, which is marketed as an appropriate black powder substitute for use in the inline muzzleloader at issue in this case. *Id.* at 4. On November 25, 2022, the Plaintiff fired the muzzleloader, equipped with Blackhorn 209, for the first time with no issues. *Id.* However, when the Plaintiff attempted to fire the muzzleloader a second time, the muzzleloader misfired. *Id.* Due to the misfire, the Plaintiff installed a new primer on the muzzleloader, but the muzzleloader barrel detonated in the Plaintiff's hand without warning. *Id.* Because of the detonation, the Plaintiff sustained partial amputation of three fingers of his left hand, severe injury to his left thumb, left hand, and other injuries to his person. *Id.*

Plaintiff Hall filed suit against Traditional Sporting Goods, Hodgdon Powder Company, and MTX, Inc. The Plaintiff alleges that the barrel had never been proof tested and, had the barrel been properly tested, it would not have failed. *Id.* The Plaintiff argues that Traditional Sporting Goods, the manufacturer, was aware of the propensity of the muzzleloader to detonate. *Id.* at 5. Specifically, the Plaintiff claims "[t]he muzzleloader was improperly tested at the time of manufacture, and/or contained inherent defects that were dangerous to human life when used in any reasonably foreseeable manner." *Id.* The Plaintiff is also suing Defendants Hodgdon Powder and MTX for false representations on the Blackhorn 209 packaging, as well as failure to warn users. *Id.* at 5-6.

Both Traditional Sporting Goods and Hodgdon Powder Company filed Motions to Dismiss. [R. 30; R. 31.] Traditional Sporting Goods is requesting a partial dismissal for failure

---

[1] The facts are taken from the Plaintiff's Amended Complaint at [R. 20].

to state a claim, which will be addressed in a separate Order. [R. 30.] Hodgdon Powder Company asserts lack of personal jurisdiction, as well as failure to state a claim, which will be addressed in this Order. [R. 31.]

**II**

Hodgdon Powder seeks either to dismiss the entire Amended Complaint for lack of jurisdiction under Rule 12(b)(2), or alternatively, six counts of the Amended Complaint under Rule 12(b)(6). In response, the Plaintiff requests jurisdictional discovery on the matter of personal jurisdiction. [R. 35.] The Court need not address the merits of the Motion to Dismiss at this juncture because the Court finds that jurisdictional discovery is warranted in this matter.

"Presented with a properly supported 12(b)(2) motion and opposition, the court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Theunissen v. Matthews*, 935 F.2d 1454, 1465 (6th Cir. 1991) (citing *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). "The court has discretion to select which method it will follow." *Id.* (citing *Michigan Nat'l Bank v. Quality Dinette, Inc.*, 888 F.2d 462, 466 (6th Cir.1989)).

The Plaintiff requests jurisdictional discovery on the issue of personal jurisdiction as it relates to Hodgdon Powder Company. [R. 35.] In September 2020, Hodgdon Powder "acquired the rights to manufacture, package, or distribute Blackhorn 209 propellant" from Western Powders, Inc. [R. 7-1 at 2.] The Defendants submitted a Declaration from Mr. Steven Faintich, the Vice President of Research and Development for Hodgdon Powder. *Id.* Mr. Faintich asserts that at the time of the incident, Hodgdon Powder had not yet acquired Western Powder, who ultimately manufactured and distributed the Blackhorn 209 propellant at issue in this case. *Id.*

As a result of the acquisition, the Plaintiff seeks discovery on whether successor liability extends to Hodgdon Powder.

The allowance of jurisdictional discovery is purely in the discretion of the Court. *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 F. App'x 425, 434 (6th Cir. 2006). And the Court ultimately finds that the Plaintiff is entitled to jurisdictional discovery because the record shows that the requested discovery is likely to produce facts needed to withstand a Rule 12(b)(2) motion. The requested discovery concerns "the transaction and relationship between Hodgdon and Western Powders, Inc." [R. 42 at 2.] Specifically, the Plaintiff requests "the sale paperwork between these two entities in order to determine where liability will lie."[2] *Id.*

Thus, the Plaintiffs will have 120 days to conduct limited jurisdictional discovery as it relates to the nature of liability between Hodgdon Powder and Western Powders. The Court will deny Hodgdon Powder's Motion to Dismiss [R. 31] without prejudice while jurisdictional discovery is ongoing. Once jurisdictional discovery is complete, and if still applicable, Hodgdon Powder may refile their Motion to Dismiss.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Golden Hall's Motion for Jurisdictional Discovery **[R. 35]** is **GRANTED**;

2. Golden Hall has 120 days from the entry of this Order to conduct limited jurisdictional discovery;

3. Golden Hall's Motion for Jurisdictional Discovery **[R. 23]** is **DENIED AS MOOT**;

---

[2] Perplexingly, the Plaintiff requests jurisdictional discovery "pursuant to the Order in the state court proceedings," but the state court order is not in the record. [R. 35-1 at 1.] Regardless, this Court finds that jurisdictional discovery in this matter will be narrow. Discovery will concern only the relationship between Western Powder and Hodgdon Powder as it relates to this suit.

and

4. Hodgdon Powder's Motion to Dismiss **[R. 31]** is **DENIED WITHOUT PREJUDICE**.

This the 3rd day of July, 2024.

Gregory F. Van Tatenhove
United States District Judge