UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

|  |  |  |
|---|---|---|
| GOLDEN HALL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:23-cv-00088-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORADNUM OPINION** |
| TRADITIONAL SPORTING GOODS, | ) | **&** |
| INC., *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is before the Court on MTX, Inc.'s Partial Motion to Dismiss. [R. 52.]
Golden Hall brought this action alleging numerous counts stemming from an accident with a
muzzle loading rifle. [R. 20.] As a result of the accident, Hall filed suit against MTX, Inc., who
manufactures and distributes the Blackhorn 209 propellant at issue in this case. *Id.* at 2. MTX
moves to partially dismiss the Complaint for failure to state a claim under Federal Rule of Civil
Procedure 12(b)(6). [R. 52.] For the following reasons, the Defendant's Partial Motion to
Dismiss [R. 52] is **GRANTED IN PART.**

**I**

The Plaintiff purchased a Traditional Sporting Goods inline muzzle loading rifle from a
vendor at Court Days in Montgomery County, Kentucky.[1] [R. 20 at 3.] The Plaintiff also
purchased Blackhorn 209 propellant, although it is presently unclear whether the Blackhorn
propellant was purchased from a third-party vendor. Blackhorn 209 propellant is marketed as an

---

[1] The facts are taken from the Court's prior Order at [R. 50].

appropriate black powder substitute for use in the inline muzzleloader at issue in this case. *Id.* at 4. On November 25, 2022, the Plaintiff fired the muzzleloader, equipped with Blackhorn 209, for the first time with no issues. *Id.* However, when the Plaintiff attempted to fire the muzzleloader a second time, the muzzleloader misfired. *Id.* Due to the misfire, the Plaintiff installed a new primer on the muzzleloader. But the muzzleloader barrel detonated in the Plaintiff's hand without warning. *Id.* Because of the detonation, the Plaintiff sustained partial amputation of three fingers on his left hand, severe injury to his left thumb, left hand, and other injuries to his person. *Id.*

The Plaintiff filed suit against Traditional Sporting Goods, Hodgdon Powder Company, and MTX, Inc. Traditional Sporting Goods and Hodgdon Powder Company both filed Motions to Dismiss [R. 31; R. 35.] The Court granted Traditional's Motion to Dismiss [R. 49], and denied Hodgdon's Motion to Dismiss without prejudice so the parties could conduct jurisdictional discovery. [R. 50.] Now, MTX, Inc. has filed a Partial Motion to Dismiss the Amended Complaint. [R. 52.] Specifically, MTX, Inc. seeks dismissal of Counts V, VII, IX, XI, XIII, XIV, as well as the Plaintiff's request for punitive damages. *Id.*

**II**

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

Moreover, the facts that are pled must rise to the level of plausibility, not just possibility; "facts that are merely consistent with a defendant's liability . . . stop[ ] short of the line between possibility and plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  According to the Sixth Circuit, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## A

Hall first alleges that MTX "failed to exercise reasonable care to warn the Plaintiff of the dangerous condition, or of the facts which made it likely that Plaintiff would encounter the dangerous condition in the normal and foreseeable use of Blackhorn 209 propellant powder during the shooting of the Muzzleloader." [R. 20 at 13.]  For a Kentucky failure to warn claim, a plaintiff must plead facts which plausibly establish that: (1) the defendant had a duty to warn of the product's alleged dangers; (2) the defendant provided warnings that were inadequate; and (3) the inadequacy of the warning must have proximately caused the plaintiff's injuries. *See Stewart v. Gen. Motors Corp.*, 102 Fed. Appx. 961, 964 (6th Cir. 2004); *Corder v. Ethicon, Inc.*, 473 F. Supp. 3d 749, 757 (E.D. Ky. 2020). Thus, there must be facts plead showing that "the lack of adequate warnings made the product defective and unreasonably dangerous." *Naiser v. Unilever*

3

*U.S., Inc.*, 975 F. Supp. 2d 727, 746 (W.D. Ky. 2013); *Shea v. Bombardier Rec. Prods., Inc.*, 2012 WL 4839527, at *3 (Ky. App. Oct. 12, 2012).

Similar to the Court's conclusion in its prior Memorandum Opinion and Order [R. 49], the Plaintiff's failure to warn claim is premised on the existence of a design or manufacturing defect. In the Plaintiff's Amended Complaint, Hall alleges "the foreseeable user of Blackhorn 209 propellant powder could not, with the reasonable exercise of care, discover the hidden dangerous condition wherein Blackhorn 209 could detonate, rather than burn as designed, in the normal course of use." [R. 20 at 12.] At bottom, the Plaintiff is arguing that because of a manufacturing or design defect, the powder detonated instead of burned. The Plaintiff, importantly, is *not* alleging that the detonation occurred because of a failure to warn. Thus, the Plaintiff cannot show that the lack of warnings proximately caused the plaintiff's injuries. Because the Plaintiff failed to state a claim upon which relief can be granted, Count V is dismissed as to Defendant MTX, Inc.

**B**

Count VII alleges that Defendant MTX "breached the implied warranty of merchantability by placing a defectively designed, manufactured, and tested Blackhorn 209 propellent in the stream of commerce that was ultimately sold to Plaintiff." [R. 20 at 15.] Under Kentucky law, "privity of contract between the parties is prerequisite to a claim for breach of warranty." *Brown Sprinkler Corp. v. Plumbers Supply Co.*, 265 S.W.3d 237, 240 (Ky. App. Ct. 2007). It is also well established that "privity of contract does not extend beyond the buyer-seller setting, and an intervening purchaser destroys privity." *Gaunce v. CL Medical Inc.*, No. 5:14-346-DCR, 2015 WL 893569, at *2 (E.D. Ky. Mar. 2, 2015) (citing *Compex Int'l Co. v. Taylor*, 209 S.W.3d 462, 465 (Ky. 2006)).

4

While it is true that privity of contract is a prerequisite for a breach of the implied warranty of merchantability, it is not yet clear the status of privity between the Plaintiff and Defendant MTX. The Amended Complaint only states the "Plaintiff also purchased Blackhorn propellant 209." [R. 20 at 4.] The Defendants argue that the Plaintiff's statement that Blackhorn 209 "was ultimately sold to [the] Plaintiff" operates as an implicit admission that there is no privity between the parties. [R. 52 at 7.] Such a conclusion is premature at this stage. The Court is required to draw all reasonable inference in the light most favorable to the Plaintiff. *DirecTV, Inc.*, 487 F.3d at 476. The Court finds that at this early stage in the proceeding, it is entirely possible that there is privity of contract between the Plaintiff and Defendant MTX.[2]

## C

Count IX alleges that Defendant MTX "violated KRS 367.170 by acting in an unfair, false, misleading, or deceptive manner . . . in the course of trade or commerce," in violation of Kentucky's Consumer Protection Act (KCPA). [R. 20 at 16-17.] KCPA provides a private right to action for someone who purchases or leases goods or services for personal purposes and is injured as a result of a seller's prohibited practice. KRS § 367.220(1). Similar to the implied warranty claim, privity of contract is a requirement of a KCPA claim. *Skillcraft Sheetmetal, Inc. v. Ky. Mach., Inc.*, 836 S.W.2d 907, 909 (Ky. Ct. App. 1992) ("The legislature intended that privity of contract exist between the parties in a suit alleging a violation of the Consumer Protection Act."); *see Blanton v. Remington Arms Co.*, LLC, 7:20-CV-71-REW-EBA, 2022 WL 4125071, at *5 (E.D. Ky. Sept. 9, 2022). Because the Court must construe the facts as they stand in the light most favorable to the Plaintiff, Count IX remains.

---

[2] This Order differs from the Court's prior ruling concerning Traditional because the Plaintiff explicitly states that he purchased the muzzleloading rifle from a third-party vendor, destroying privity of contract. No such admission exists with respect to MTX, Inc.

**D**

Count XI alleges that Defendant MTX, Inc. is liable on the theory of *res ipsa loquitur*. [R. 20 at 18.]  In order to invoke the doctrine of *res ipsa loquitur*, the following requirements must be met: "(1) The defendant must have had full management of the instrumentality which caused the injury; (2) the circumstances must be such that, according to common knowledge and the experience of mankind, the accident could not have happened if those having control and management had not been negligent; (3) the plaintiff's injury must have resulted from the accident." *Vernon v. Gentry*, 334 S.W.2d 266, 268 (Ky. 1960).  The Defendant argues that *Bowers v. Schenley* stands for the proposition that *res ipsa loquitur* is "not an independent tort to be pleaded within a complaint under its own count." [R. 52 at 9 (citing *Bowers v. Schenley Distillers, Inc.*, 469 S.W.2d 565, 568 (Ky. Ct. App. 1971) ("In many tort cases, in the absence of direct proof of negligence acts, the plaintiff must rely upon presumptions or inferences [*res ipsa loquitur*] which may be drawn from the facts proven.").]  The Court agrees.  It is well settled that *res ipsa* is a method of proving negligence, but it is not an independent claim.   Negligence is the claim, and an inference of *res ipsa* goes toward proof.  As such, the Court cannot offer relief for the claim of *res ipsa loquitur* and Count XI must be dismissed.

**E**

In Count XIII, Plaintiff Hall asserts that "Defendant Hodgdon and Defendant MTX were acting individually and in concert with each other . . . while engaging in the negligent acts and omissions." [R. 20 at 21-22.]  The Defendants argue "[t]hese claims fail to satisfy Rule 8 under *Iqbal* because they are merely recitations of the legal elements, devoid of any specific facts." [R. 52 at 9.]  Further, the Defendants argue "Plaintiff's claims alleging concert of action and joint

6

enterprise must be dismissed because Plaintiff failed to plead essential elements of those claims."

*Id.* at 10.  Under Kentucky law,

> one is subject to liability if he (a) does a tortious act in concert with the other or
> pursuant to a common design with him, or (b) knows that the other's conduct
> constitutes a breach of duty and gives substantial assistance or encouragement to
> the other so to conduct himself, or (c) gives substantial assistance to the other in
> accomplishing a tortious result and his own conduct separately considered,
> constitutes a breach of duty to the third person.

*Farmer v. City of Newport*, 748 S.W.2d 162, 164 (Ky. App. Ct. 1988).  The Plaintiff

argues that "Hodgdon provided substantial assistance to MTX by failing to disclose the

information regarding the lot number of the cannister at issue in this case."  [R. 55 at 10.]

Allegations of mere parallel activity of two or more defendants, without more, are

insufficient to prove defendants acted by cooperative or concerted activities under the

concert of action theory. *Smith v. Univar USA, Inc.*, No. 12-134-ART, 2013 WL

1136624, at *5 (E.D. Ky. Mar. 18, 2013). To show concerted action, a plaintiff must

point to evidence suggesting an agreement or common design between the defendants.

*Id.* at *5.

Plaintiff Hall argues that the two paragraphs for Count XIII adequately allege

concert of action, but the Court disagrees.  In his Response, the Plaintiff simply states that

"Defendants Hodgdon and MTX acted individually and in concert with each other while

engaging in negligent acts and omissions."  [R. 55 at 10.]  The Plaintiff fails to show that

the Defendant collaborated or gave substantial assistance to one another to achieve a

tortious result.  While the Plaintiff alleges that the Defendants acted in tortiously similar

ways, "mere parallel activity" is not enough. The Plaintiff must allege facts that suggest

an agreement or common design among the Defendants.  Because the Plaintiff has not

done so, Count XIII must be dismissed.

**F**

In Count XIV, Plaintiff Hall asserts that all of the "[d]efendants were engaged in a joint enterprise," that "[t]here was a common pecuniary interest amongst each Defendant," and the Defendants "each had a voice and/or role in the execution of their common purpose." [R. 20 at 22.] Similar to concert of action, the Defendants argue that the "Plaintiff failed to plead essential elements." [R. 52 at 10.] Under Kentucky law, Plaintiff must allege "(1) an agreement, expressed or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose among the members; and (4) equal right to a voice in the direction of the enterprise." *Chelsey v. Abbott*, 524 S.W.3d 471, 487 (Ky. App. Ct. 2017). In his Amended Complaint, the Plaintiff simply regurgitates the elements for joint enterprise, without adding one iota of factual allegations. [R. 20 at 22.] This, without more, is clearly not enough to state a plausible claim for relief. Accordingly, his assertion of a joint enterprise will be dismissed.

**G**

Last, MTX seeks the Plaintiff's request for punitive damages be dismissed. [R. 52 at 11.] "Under Kentucky law, punitive damages are available only if a defendant acted with oppression, fraud, malice, or gross negligence." *Zachery v. Shaw*, No. 3:12-CV-606, 2013 WL 1636385, at *1 (W.D. Ky. Apr. 16, 2013). In his Amended Complaint, Hall asserts that "[t]he conduct of the Defendants in each of these paragraphs and allegations was so malicious, willful, wanton, reckless and grossly negligent that the Plaintiff is entitled to an award of punitive damages." [R. 20 at 23.]

Taking all the allegations in light most favorable to Plaintiff, as it must do at this stage of the proceedings, the Court finds that Plaintiff has not alleged facts that could give rise to an

inference that MTX's actions rise to the requisite level of "oppression, fraud, or malice." Ky. Rev. Stat. Ann. § 411.184. Hall has not provided any factual allegations, beyond a recitation of the standard for punitive damages, that would support a finding that MTX acted with the requisite level of "oppression, fraud, or malice." Hall argues that he "alleged deceptive, false, and misleading conduct, not just garden-variety negligence conduct," but Hall simply regurgitates the punitive damage standard at the end of each count. [R. 55 at 11; *see* R. 20 at 19 ("The conduct of the Defendant was so malicious, willful, wanton, reckless and grossly negligent that the Plaintiff is entitled to an award of punitive damages.").]

Again, as has been previously stated, it is not the job of the Court to supply facts which counsel has failed to adequately plead. Therefore, on the face of the Amended Complaint, Hall has not provided the requisite factual allegations to state a viable claim for punitive damages. MTX's Motion to Dismiss the Plaintiff's request for punitive damages as it relates to the remaining common law claims is granted.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. MTX Inc.'s Motion to Dismiss **[R. 52]** is **GRANTED IN PART AND DENIED IN PART**; and

2. Count V, Count XI, Count XIII, and Count XIV of the Amended Complaint **[R. 20]**, as well as the Plaintiff's request for punitive damages, are **DISMISSED** as to Defendant MTX, Inc.

This the 27th day February 2025.

Gregory F. Van Tatenhove
United States District Judge